BRETT DAYNE MARTIN, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 10860

November 10, 1978                           585 P.2d 1346

*Mike Harrison,* of Las Vegas, for Appellant.

*Robert List,* Attorney General, *George E. Holt,* District Attorney, and *H. Leon Simon,* Chief Appellate Deputy, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Brett Dayne Martin, a 17-year-old at the commencement of these proceedings, was initially placed before the juvenile division of the Eighth Judicial District Court on the basis of petitions alleging his commission of robbery, kidnapping, and grand larceny in contravention of NRS 200.380, 200.310 and

205.220. Subsequent to a full investigation and hearing, appellant was certified to stand trial as an adult on these charges in accordance with NRS 62.080.[1] The matter was set before the Justice Court for Las Vegas Township wherein the criminal complaint was filed and arraignment was had.

Thereafter, appellant's attempts to have his case returned to the juvenile court were denied in both the justice court and the district court. We are now urged to alter this result upon various rationales.

Nevertheless, an examination of the record and relevant authorities compels us to conclude that the decision of the district court must be affirmed. We turn now to see why this is so.

1.    Appellant contends that it was an abuse of discretion for the juvenile court to certify him to the district court to stand trial as an adult. The contention is meritless.

As the record amply demonstrates, the juvenile judge carefully considered each of the elements established in Kent v. United States, 383 U.S. 541 (1966), which are to be utilized in determining whether to certify a juvenile as an adult. The *Kent* criteria were adopted in Nevada through our decision in Lewis v. State, 86 Nev. 889, 478 P.2d 168 (1970). Accordingly, we are unable to find the alleged abuse of discretion.

Nor can we agree with appellant's argument that the law in this state is ambiguous as to the standards which must be met in certification cases. As it was stated in *Lewis, supra,* "We feel that the necessary standards are set forth in the general purpose clause of the Juvenile Court Act, NRS 62.290, . . . ." 86 Nev. at 893. *See also* State v. Doyal, 286 P.2d 306 (N.M. 1955); State, In Interest Of Salas, 520 P.2d 874 (Utah 1974).

2.    It is also claimed by appellant that NRS 62.080 offends rudiments of due process by granting the lower court an unfettered authority to expose minors to the adult criminal court system without adequate standards. The exact issue was raised in the *Lewis* case and flatly rejected therein. We perceive no reason to deviate from that decision.

[1]NRS 62.080: If a child 16 years of age or older is charged with an offense which would be a felony if committed by an adult, the juvenile division of the district court, after full investigation, may in its discretion retain jurisdiction or certify the child for proper criminal proceedings to any court which would have trial jurisdiction of such offense if committed by an adult; but no child under 16 years of age may be so certified. After such a child has been certified for proper criminal proceedings and his case has been transferred out of the juvenile division, original jurisdiction of the person rests with the court to which the child has been certified and the child may thereafter petition for transfer back to the juvenile division only upon a showing of exceptional circumstances.

3. Reversal is sought on the additional basis that the district court was without jurisdiction to rule on appellant's petition for transfer back to the juvenile court. The adult certification order issued by the juvenile division clearly reflected that the appellant was to be certified to the Eighth Judicial District Court for proper criminal proceedings as an adult. However, appellant maintains that the justice court was possessed of sole jurisdiction to determine the petition since the matter was set on the justice court calendar, the criminal complaint was filed in justice court, and the arraignment was conducted in the justice court.

We feel the following language from NRS 62.080 is dispositive of the issue: "After such a child has been certified for proper criminal proceedings and his case has been transferred out of the juvenile division, original jurisdiction of the person rests with the court to which the child has been certified . . . ." Original jurisdiction being vested with the district court, it was empowered to rule upon appellant's challenge to the certification order.

4. Lastly, appellant asserts an abuse of discretion by the district court for its refusal to remand the case to the juvenile division. Upon certification, NRS 62.080 authorizes a petition by the juvenile for transfer back to the juvenile division only in the case of exceptional circumstances. Since the record fails to disclose the existence of the requisite exceptional circumstances, we conclude that the district court properly denied a remand to the juvenile division.

Affirmed.