MATTHEW DAVID FAESSEL, Petitioner, v. THE SEC-
OND JUDICIAL DISTRICT COURT OF THE STATE
OF NEVADA, IN AND FOR THE COUNTY OF
WASHOE, AND THE HONORABLE ROBIN ANNE
WRIGHT, DISTRICT JUDGE, Respondents.

No. 20045

February 22, 1990                                    787 P.2d 767

*Karp and Kelly,* Reno, for Petitioner.

*Mills Lane,* District Attorney, *Edwin T. Basl,* Deputy District
Attorney, *Larry Guy Sage,* Deputy District Attorney, Washoe
County, for Respondents.

## OPINION

By the Court, Springer, J.:

This case involves a petition for writ of mandamus in which
petitioner Matthew David Faessel seeks a writ commanding that
the district court order that a preliminary examination and bind-
ing over be completed as a condition to the filing of an informa-
tion against him. We grant the petition, holding that Faessel, a
child who was certified as an adult under NRS 62.080, is entitled
to all "proper criminal proceedings" under Title 14, Nevada
Revised Statutes.

Under NRS 62.080 "a child 16 years or older" who is charged
with a felonious offense may be certified by the juvenile court
"for proper criminal proceedings" in the adult court. Faessel is

such a child and has been so certified for proper *criminal* proceedings as an adult.

NRS 62.080 certification is not a criminal proceeding. Proceedings in juvenile court are civil and "not criminal in nature." NRS 62.193. Once the civil proceedings under NRS 62.080 have led to certification, however, the subject becomes, in the eyes of the criminal law, an adult. "Adult" is defined in the juvenile court act as "a person between the ages of 16 and 18 who has been certified as an adult." NRS 62.020(1). Faessel is, therefore, to be considered as and treated as an adult who is charged with commission of a crime and is entitled to "proper criminal proceedings" under our code of criminal procedure.

Under Title 14, Procedure in Criminal Cases, the "first pleading on the part of the state is the indictment or information." NRS 173.015. Faessel was not indicted; so we look to the code provisions relating to the filing of an accusation by information. "An information may be filed against any person for any offense when [1] the person . . . [h]as had a preliminary examination as provided by law before a justice of the peace, or other examining officer or magistrate, and [2] has been bound over to appear at the court having jurisdiction." NRS 173.035. Faessel's contention is simply this: "Now that you have made me an adult, you must either indict me or inform against me. An information can be filed only after a preliminary examination has been held, and I have been bound over to appear before the court having jurisdiction, namely, the adult division of the Second Judicial District Court." We agree and hold that "proper criminal proceedings" require that Faessel be entitled, as is the case for any other adult defendant, to have a preliminary examination and be bound over before an information can be filed. *See* Sturrock v. State, 95 Nev. 938, 604 P.2d 341 (1979).

The state claims that Faessel had the equivalent of a preliminary examination and bind-over when he went through the juvenile certification process in the juvenile court. It is very difficult to follow this argument when one is reminded that the certification proceeding, a civil matter conducted in the juvenile court, does not remotely resemble a preliminary examination, and, even if it did, the juvenile court has no power to order that anyone be "bound over to appear" in district court.

The juvenile court inquest leading to certification is designed to determine whether the public interest and safety requires that a given minor be prosecuted as an adult. The juvenile court judge is required to consider a "decisional matrix" made up of such matters as the nature and seriousness of the offense, the persistency and seriousness of past offenses and subjective factors relating to the offender. In the Matter of Seven Minors, 99 Nev.

427, 664 P.2d 947 (1983). Before the juvenile court can make a decision to certify a child to the adult criminal court, prudence dictates that some determination be made that the court is dealing with someone who probably committed a criminal offense. We have thus insisted that the juvenile courts make a threshold finding of "prosecutive merit," this is to say, a finding that probable cause exists that the minor committed the offense of which he is accused. Thus, as said in *Seven Minors,* a threshold finding of prosecutive merit is a matter of judicial economy. "If there is no *prima facie* case to support the charge, there is no point in the court's involving itself further in the process." *Seven Minors,* 99 Nev. at 437, 664 P.2d at 953 (emphasis in original).

" 'Prosecutive merit' is a term referring to the necessity for establishing the merit of the prosecution's case as a condition for proceeding with the transfer [certification] process." *Seven Minors,* 99 Nev. at 437, 664 P.2d at 953. "[T]he first business of the juvenile court in a transfer proceeding should be a resolution of the threshold requirement of prosecutive merit. The necessary determination of probable cause can be made preliminarily by the court on the basis of the written record. An adversary hearing is not required, and the probable cause finding may be based on evidence taken from the petition, sworn investigative reports, witnesses' affidavits, police affidavits, or other informal but reliable evidence." In re Three Minors, 100 Nev. 414, 418, 684 P.2d 1121, 1123 (1984). We have expressly held that due process in certification proceedings does *not* "require that a juvenile be given an adversary hearing comparable to [a] preliminary examination." *Id.* It should be obvious that not only are preliminary examinations and juvenile certification proceedings conducted in different tribunals, the procedures, standards of proof and final objectives of each are radically different. Neither one can be said to be the equivalent of or a substitute for the other.

It is possible, of course, that from time to time during some certification proceedings a relatively comprehensive and even adversary proceeding might be conducted by the juvenile court judge, but this would not validate the state's position that a certification proceeding must be taken as the absolute equivalent of a preliminary examination and thus justify the filing of an information without benefit of the "proper criminal proceedings" set forth in Chapter 173. Further, even if we were to accept the position that a juvenile court judge's adjudication of prosecutive merit is in all cases equivalent to a magisterial preliminary examination, a juvenile court does not have the statutory power or authority to cause an accused adult offender to be "bound over and appear" in the district court. The juvenile court judge in this case did not even purport to bind over this "adult," and the

proceedings required by NRS 173.035 have not even been approached by the civil certification proceedings conducted by the juvenile court.

A writ of mandamus is available to compel the performance of an act which the law requires as a duty resulting from an office, trust or station. NRS 34.160. Because the district court was obligated to afford Faessel a preliminary examination under the circumstances of this case, we grant Faessel's petition for a writ of mandamus. Accordingly, the clerk of this court shall forthwith issue a writ of mandamus ordering that the information be quashed and that the state proceed against the petitioner only by proper criminal procedures as set forth in Title 14, Nevada Revised Statutes.

YOUNG, C. J., and ROSE, J., concur.

STEFFEN, J., with whom MOWBRAY, J., agrees, dissenting:

In a criminal justice system characterized and threatened by a surfeit of congestion, costs, and seemingly interminable and duplicative procedures, the judicial branch of government must be alert in seeking measures which will make the system more efficient. Of course, improvement and efficiency must be achieved without compromising an accused's right to procedural and substantive fairness.

In my view, the majority has added, unnecessarily, to the already burdensome process of reaching full and impartial justice in Nevada criminal proceedings. The majority ruling provides juvenile offenders who are certifiable to an adult criminal court, the benefit of both a certification hearing and a lesser facsimile thereof, a preliminary hearing. The resulting redundancy creates additional costs, delay and syphoning of limited assets without advantage to a youthful defendant other than that of an unwarranted delay.

As a point of beginning, I suggest that the time is ripe to question the majority's characterization of a certification hearing under NRS 62.080 as civil rather than criminal in nature. The majority supports its premise solely by reference to an inapplicable statute, NRS 62.193. The latter statute expressly applies only to adjudications for delinquency and determinations of supervisory need or commitment to institutions for the mentally retarded. In each of the aforementioned three dispositions, the juvenile court retains jurisdiction to see that the children involved in such dispositions receive "such care, guidance and control, preferably in . . . [their] own home, as will be conducive to the . . . [childrens'] welfare and the best interests of the state. . . ." NRS 62.031(1).

Other courts have described certification proceedings as civil in nature because they are not determinative of innocence or guilt or even the existence of probable cause, but rather whether the public interest or the best interest of the child will best be served by retaining or relinquishing juvenile court jurisdiction. *See, e.g.*, State In re Schreuder, 649 P.2d 19, 24 (Utah 1982); In Interest of Doe, 617 P.2d 830, 832 (Haw. 1980). In the past, we have adopted the same rationale, Marvin v. State, 95 Nev. 836, 842, 603 P.2d 1056, 1060 (1979).

I submit that the current status of Nevada law lends support to the proposition that certification proceedings in Nevada are more criminal than civil in nature. First, we have held that juveniles subject to certification proceedings are entitled to "a hearing, the right to counsel, access to relevant court studies and reports, and a statement of reasons for the waiver decision." In re Three Minors, 100 Nev. 414, 417, 684 P.2d 1121, 1123 (1984). Second, prior to certifying a minor to the jurisdiction of the adult criminal system, the State must establish prosecutive merit, i.e., an evidentiary foundation "upon which a grand jury would be expected to return an indictment; that is to say, when probable cause exists to believe that the subject juvenile committed the charged felony." *Id.* Moreover, we have held that probable cause may not be based entirely on unsworn hearsay evidence or the opinion of prosecutorial officials. *Id.* at 419, 684 P.2d at 1124. We also held that fairness requires that a juvenile who challenges probable cause be allowed to present evidence that would controvert or negate a finding of probable cause. *Id.* In short, we have provided more than the equivalent of a preliminary hearing under the adult system within the framework of juvenile certification proceedings.

Under Nevada law, the State may establish probable cause in a preliminary hearing under a standard of "slight evidence." Sheriff v. Badillo, 95 Nev. 593, 594, 600 P.2d 221, 222 (1979). Moreover, despite our inference to the contrary in *Three Minors,* preliminary hearings under the adult system involve no more of a determination of guilt or innocence than a certification hearing under NRS 62.080. *Cf. Three Minors,* 100 Nev. at 418, 684 P.2d at 1124, with Thedford v. Sheriff, 86 Nev. 741, 743-744, 476 P.2d 25, 27 (1970). The question arises, therefore, as to what additional advantages or benefits a certified juvenile derives from a preliminary hearing that he or she wouldn't receive in the certification hearing. Recalling that neither a certification hearing nor a preliminary hearing involves a determination of innocence or guilt, and that the State need establish probable cause by only slight evidence in the adult proceeding, it is enlightening to

analyze the panoply of rights and safeguards that accrue to the benefit of a juvenile in a certification hearing.

First, under Nevada law, the juvenile judge who entertains a petition for certification by the State is also a district court judge who must be a licensed attorney. The presiding judicial officer in a preliminary hearing, in many instances, need not be a licensed attorney and in no instance is a district court judge. Second, prior to considering a petition for certification, the juvenile judge must obtain a *full* investigative report concerning the juvenile and the alleged offense for which the certification is sought. There is, of course, no similar requirement in connection with a preliminary hearing. Third, the juvenile in a certification hearing and the defendant in a preliminary hearing are both entitled to counsel under Nevada law. Fourth, the defendant in a preliminary examination and the juvenile in a certification proceeding are both entitled to a hearing where counsel may cross-examine State witnesses and present evidence on behalf of their clients. Fifth, before a defendant may be bound over to district court from a preliminary hearing, there must have been a finding of probable cause; and before a juvenile may be certified to the adult system, there must also have been a finding of probable cause.

The majority opinion seeks to distinguish between a preliminary hearing and a certification hearing by noting that the latter need not be adversarial and that probable cause may be supported by "evidence taken from the petition, sworn investigative reports, witnesses' affidavits, police affidavits, or other informal but reliable evidence." The inference the majority draws from the foregoing is that a certification may result from forms of evidence that would be incompetent if used to satisfy the "slight evidence" requirement for a probable cause finding in a preliminary hearing. I suggest that the premise is unrealistic.[1]

It would seem rare indeed when a district court judge sitting as a juvenile judge would transfer a juvenile from the protective, rehabilitative jurisdiction of the juvenile system on such a flimsy evidentiary foundation. To the contrary, the evidentiary basis supporting certification would appear to me to be much stronger and more extensive than the slight evidence the State would be

[1]In *Three Minors* we expressly observed that "[a]nother purpose in requiring a showing of prosecutive merit is that it provides a reasonable safeguard against juveniles being made subject to inherently fruitless transfer proceedings or to having to defend against unsupportable criminal prosecutions." 100 Nev. at 418, 684 P.2d at 1123. Obviously, no reasonable safeguard would exist if juvenile judges transferred juveniles to the adult system based upon evidence that would not be competent to support a finding of probable cause in a preliminary hearing.

required to produce at a preliminary hearing. Illustrative of the premise is the requirement of a *full* investigation before the juvenile court can even entertain a petition of certification. Moreover, it is inconceivable to me that a juvenile judge would expose a juvenile offender to the adult system in the absence of evidence that would be competent for a finding of probable cause in a preliminary hearing. Most significantly, the majority's position directly conflicts with our ruling in *Three Minors* requiring probable cause to be shown to the degree that would support a grand jury indictment. In Nevada, indictments may not issue unless based upon "legal evidence, and the best evidence in degree, to the exclusion of hearsay or secondary evidence." NRS 172.135(2).

Although the majority observe that an adversary hearing is not *required* in a certification proceeding, it is clear that it may be so if the juvenile's counsel insists on an adversarial challenge to probable cause and certification. A juvenile offender may thus attack both the evidentiary sufficiency to support probable cause and the factors the State presents in favor of certification. Such a juvenile is in a far better position to secure information concerning the strength of the State's case than an adult defendant limited to a preliminary hearing where the State presents only enough of a "sneak preview" to meet the marginal evidence standard and accomplish a bind-over.

The majority also observe that the final objectives of a certification hearing and a preliminary hearing are "radically different." If the majority's premise is true, it would seem to support the proposition that a certification proceeding is more than the equivalent of a preliminary hearing. The primary function of a preliminary hearing is to determine whether the State has sufficient evidence to warrant subjecting an individual to the ordeal of a trial that may threaten his life, liberty and reputation. *One* of the primary functions of a certification proceeding is to determine whether the State's petition has prosecutive merit or probable cause, i.e., sufficient "evidence upon which a grand jury would be expected to return an indictment." *Seven Minors,* 99 Nev. at 437, 664 P.2d at 953. Thus, *one* of the major functions of a certification proceeding is identical to *the* primary function of a preliminary hearing. In a certification proceeding, however, after the State proves a prima facie case supporting probable cause, the State must satisfy the second primary function of a certification hearing, namely, whether despite the probability that the juvenile committed the charged offense, his or her transfer to the adult criminal system is justified. Moreover, in contrast to a preliminary hearing, the State in a certification proceeding must prove

probable cause and justification for a transfer to the adult system by clear and convincing evidence. *Id.*

Finally, the majority concludes, erroneously I believe, that even if a finding of probable cause would in all cases be equivalent in either a certification proceeding or a preliminary hearing, the juvenile court does not have authority to "bind-over" the certified juvenile for trial in an adult criminal court. NRS 62.080 provides that after a child "has been certified for proper criminal proceedings and his case has been transferred out of the juvenile division, original jurisdiction of the person rests with the court to which the child has been certified. . . ." And, rather than certifying the child to a magistrate for a preliminary hearing, the statute permits certification only to "any court which would have trial jurisdiction of such offense if committed by an adult. . . ." The statute thus empowers the juvenile court judge who has found probable cause and justification for transfer, to certify a juvenile offender directly to the jurisdiction of the adult criminal court for trial.

For the reasons stated above, I submit that the availability of a preliminary hearing to a certified juvenile offender places yet another barnacle on our heavily laden criminal justice system, wastes scarce public and judicial assets, reduces systemic efficiency and provides no meaningful right or benefit to such an offender other than delay. I therefore respectfully dissent.