ALEJANDRO JOSE CASTILLO, Appellant, v. THE
STATE OF NEVADA, Respondent.

No. 20840

May 30, 1990                                    792 P.2d 1133

*Dennis E. Widdis,* Reno, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Brent T. Kolvet,*
District Attorney, Douglas County, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from an order of the juvenile division of the district court certifying appellant to stand trial as an adult. This is also an appeal from an order of the district court denying appellant's petition for transfer back to the juvenile court.

On December 22, 1989, the juvenile division of the district court entered an order certifying appellant as an adult for purposes of the criminal prosecution of various felony charges. The order of the juvenile court is an appealable order. *See* NRS 62.291 (appeals from orders of the juvenile court may be taken to the supreme court in the same manner as appeals in civil cases); NRAP 3A(b)(1) (appeal in civil case lies from a final judgment); *see also* In re Three Minors, 100 Nev. 414, 684 P.2d 1121 (1984). Appellant filed a timely notice of appeal from the order of the juvenile court.

On January 2, 1990, appellant filed in the district court a petition for transfer back to the juvenile court. On February 15, 1990, the district court denied appellant's petition. On March 1, 1990, appellant filed a notice of appeal from the district court's order. On March 15, 1990, we ordered appellant to show cause why his appeal from the order of the district court denying his petition for transfer back to the juvenile court should not be dismissed for lack of jurisdiction. Appellant has responded to our order, arguing that the order of the district court is appealable.

Appellant first contends that the order of the district court is appealable as a final judgment pursuant to NRS 177.015(3).[1]

---

[1]Appellant has not cited NRS 177.015(3) in support of his argument that the district court's order denying his petition to transfer appellant back to the juvenile court is a final judgment. Instead, relying on NRS 62.291, appellant argues incorrectly that the district court's order is appealable as are orders in civil cases. NRS 62.291 provides, however, that the orders of the juvenile court are appealable in the same manner as appeals in civil cases. *See* NRS 62.020(3) ("'[c]ourt' means the juvenile division of the district court"). The proceedings in the district court are criminal in nature, and must be commenced by the filing of a criminal indictment or information. *See* Faessel v. District Court, 106 Nev. 106, 787 P.2d 767 (1990). NRS 177.015(3) is the only statute which provides for an appeal from a final judgment in a criminal

Specifically, appellant argues that the district court's order refusing to transfer the juvenile back to the juvenile court is more final on the issue of whether the juvenile should be tried as an adult than is the order of certification. This contention lacks merit.

The order of the juvenile court transferring a child to the adult court is the final order of the juvenile court in the civil proceedings pending before it. After the juvenile is transferred, the juvenile court loses jurisdiction over the juvenile. Thus, the order of certification is properly appealable as a final judgment in a civil matter. NRAP 3A(b).[2]

Contrarily, the order of the district court refusing to transfer appellant back to the juvenile court is clearly not the final judgment of the district court in the criminal proceedings now pending against appellant in the district court. Indeed, appellant acknowledged this fact when he sought a stay of the criminal proceedings in the district court pending this appeal. An appeal in a criminal case lies from the final judgment of the district court, not from an order finally resolving an issue in a criminal case. *See* NRS 177.015(3); *cf.* Elsman v. Elsman, 54 Nev. 28, 30, 3 P.2d 1071, 1072 (1931) (a final judgment in a civil case disposes of all issues and leaves nothing for future consideration). Thus, the district court's order is not appealable as a final judgment.

Appellant contends that the order of the district court is similar to an order denying a motion for a new trial. Because an order denying a motion for a new trial in a criminal matter is independently appealable, NRS 177.015(1)(b), appellant suggests that

---

case. *See* NRAP 3B ("[a]ppeals from determinations of district courts in criminal actions shall be governed by the rules and by NRS 177.015 to 177.305").

[2]Appellant suggests that the order of the juvenile court is not a final judgment because the juvenile court is merely a division of the district court. According to appellant, when the juvenile court certifies a juvenile to stand trial as an adult, the juvenile court "merely transfers the prosecution to another 'division' of the same court." This argument is incorrect. Although the juvenile court is structurally organized as a division of the district court, the juvenile court is a separate court with separate and exclusive jurisdiction. *See* NRS 62.036; NRS 62.040. Further, the proceeding in the juvenile court is civil in nature. The purpose of the proceeding is to secure to each child coming under the jurisdiction of the juvenile court the care, guidance and control that will be conducive to the child's welfare and the best interests of the state. NRS 62.031(1). The criminal proceedings in the district court that follow certification cannot in any way be described as the mere continuation of a criminal prosecution. *See* Faessel v. District Court, 106 Nev. 106, 787 P.2d 767 (1990).

the district court's order denying his petition for a transfer back to the juvenile court should be considered appealable. We disagree. A motion for a new trial follows a final judgment or verdict. Thus, nothing remains pending in the district court after a motion for a new trial is denied. Appellant's petition is more analogous to a pretrial petition for a writ of habeas corpus. No appeal lies from an order of the district court denying a pretrial petition for a writ of habeas corpus. *See* NRS 34.710; NRS 34.815.

Appellant suggests that his petition for transfer back to the juvenile court raises issues which appellant's counsel could have raised in a motion for reconsideration of the certification order in the juvenile court. Appellant suggests that, had counsel filed such a motion, and had the juvenile court denied the motion, there would be no question that review by this court of the matters raised in the motion would be available. We disagree. An order of the juvenile court denying such a motion would not be appealable. *See* Alvis v. State, Gaming Control Bd., 99 Nev. 184, 660 P.2d 980 (1983).

Appellant contends, nevertheless, that the issues raised in the petition for transfer back to the juvenile court must be raised before the appellate court at this point in the proceedings, because further proceedings in the district court will render the issues moot. Appellant suggests that judicial economy will be served if this appeal is considered at this time, because a remand to the juvenile court following a judgment of conviction would waste judicial resources. Finally, appellant argues that if this court hears only the appeal from the order of certification in this case, this court will be presented with only half of the problem. According to appellant, counsel for appellant in the certification proceedings did not grasp, and thus did not raise, the issues that appellant raised in his petition for transfer back to the juvenile court.[3] Appellant's contentions lack merit.

We have consistently held that the right to appeal is statutory; where no statutory authority to appeal is granted, no right to appeal exists. *See* Taylor Constr. Co. v. Hilton Hotels, 100 Nev. 207, 678 P.2d 1152 (1984); Kokkos v. Tsalikis, 91 Nev. 24, 530 P.2d 756 (1975). Assuming that further proceedings in the district court might render the issues which appellant now wishes to raise moot, that fact does not provide the statutory basis necessary for this court to entertain an appeal from an otherwise

---

[3]Appellant's present counsel did not represent appellant in the juvenile proceedings.

unappealable order of the district court. Nor does counsel's failure to perceive and raise in the juvenile proceedings the issues presented in the petition for transfer back to the juvenile court vest this court with jurisdiction to entertain an appeal from an unappealable order.

No statute or court rule authorizes an appeal from an order of the district court refusing to transfer a defendant back to the juvenile court. We conclude, therefore, that this court lacks jurisdiction to entertain appellant's appeal from the order of the district court denying his petition for transfer back to the juvenile court.[4]

Accordingly, we dismiss appellant's appeal from the order of the district court denying appellant's petition for transfer back to the juvenile court. Appellant's appeal from the order of the juvenile court certifying appellant to stand trial as an adult shall remain pending.[5]

---

[4]Appellant has cited this court to the case of Martin v. State, 94 Nev. 687, 585 P.2d 1346 (1978), in which this court apparently entertained an appeal from an order of the district court refusing to transfer a juvenile back to the juvenile court. We note, however, that the question of jurisdiction was not addressed by the court in the Martin opinion. Thus, Martin does not stand for the proposition that an order of the district court denying a petition for transfer back to the juvenile court is independently appealable. To the extent that Martin is inconsistent with this opinion, it is overruled.

[5]Appellant shall have thirty (30) days from the date of this opinion within which to file the opening brief. Thereafter, briefing shall proceed in strict compliance with NRAP 31(a). Upon completion of the briefing, this matter shall stand submitted for decision on the briefs and the record. See NRAP 34(f)(1).