OPINION

Per Curiam:

Appellant filed in proper person a post-conviction petition for a *1022 writ of habeas corpus on December 27, 1994. The district court denied appellant’s petition on December 30, 1994, without ordering the state to respond, and without appointing counsel or conducting an evidentiary hearing. Appellant filed a timely motion for reconsideration of the order of denial. On February 2, 1995, the district court denied appellant’s motion. Appellant filed a notice of appeal on February 13, 1995.[1]
We ordered appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. We indicated in our order that no statute or court rule provides for an appeal from an order denying a motion for reconsideration. In response, appellant contends that the statutes governing appeals from an order denying a petition for a writ of habeas corpus do not affirmatively state that appeals may not be taken from an order denying a motion for reconsideration. In addition, appellant contends that motions for reconsideration should toll the time period for filing an appeal because the district court retains jurisdiction to resolve the motion even if a notice of appeal has been filed.[2]
In Mazzan v. State, 109 Nev. 1067, 1071, 863 P.2d 1035, 1036 (1993), we held that NRS Chapter 34 “sets forth with specificity the extent of the right to appeal in habeas proceedings.” Appeals from orders denying a motion for reconsideration are not included in that chapter. See NRS 34.575. No right to appeal exists where no statute or court rule provides for an appeal. Castillo v. State, 106 Nev. 349, 792 P.2d 1133 (1990). Because no statute or court rule provides for an appeal from an order denying a motion for reconsideration, we lack jurisdiction to entertain appeals from such orders.
Similarly, no court rule or statute provides for the tolling of the running of the appeal period in habeas proceedings when a motion for reconsideration is filed. Because jurisdictional rules address the very power of this court to act, they must be clear and absolute to give parties and counsel fair notice of the procedures for vesting jurisdiction in this court. Rust v. Clark Cty. School *1023 District, 103 Nev. 686, 688, 747 P.2d 1380, 1382 (1987). The rules delineating the timely filing of a notice of appeal must therefore be specific to avoid uncertainty. Because no court rule or statute specifically provides that a motion for reconsideration tolls the thirty-day appeal period in habeas proceedings, we conclude that such motions do not toll the appeal period.
Because appellant’s notice of appeal is untimely as to the order denying his petition for a writ of habeas corpus and because no appeal lies from an order denying a motion for reconsideration, we lack jurisdiction over this appeal. Accordingly, we dismiss this appeal.

The district court appointed counsel to represent appellant in this appeal.

Appellant also contends that this court should relax its jurisdictional rules because he proceeded in proper person in the district court and he was unfamiliar with the rules. This court is powerless to act when jurisdiction has not been vested in this court. See Jordon v. Director, Dep’t of Prisons, 101 Nev. 146, 696 P.2d 998 (1985). Accordingly, we cannot excuse a party’s failure to vest jurisdiction in this court even when that party proceeds in proper person.