An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

SIEGFRED ARA SIERRA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63639

**FILED**

APR 10 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant Siegfred Ara Sierra's post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Carolyn Ellsworth, Judge.

Sierra contends that the district court erred by denying his habeas petition without conducting an evidentiary hearing because he received ineffective assistance at his "probation revocation hearing."[1] Sierra argues that counsel was ineffective for failing to properly advise him and the district court about the immigration consequences of his felony conviction. Sierra claims that but for counsel's deficient performance, "there is a reasonable probability [he] may have sought an alternative resolution that was reasonable and available" which would

_____

[1]Although Sierra refers to the hearing as a probation revocation proceeding, it was actually a status check scheduled by the clerk of the court at the request of the Clark County Detention Center seeking guidance regarding "what to do with him." After the hearing, the district court entered a second amended judgment of conviction which, among other things, dishonorably discharged him from probation.

SUPREME COURT
OF
NEVADA

(O) 1947A

14 - 11422

have allowed him to "argue for [c]ancellation of [r]emoval and avoid deportation."[2] We disagree.[3]

When reviewing the district court's resolution of an ineffective-assistance claim, we give deference to the court's factual findings if they are supported by substantial evidence and not clearly wrong but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005). Here, the district court conducted a hearing, heard arguments from counsel, and determined that Sierra's former counsel was not deficient and he failed to demonstrate prejudice. *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *Kirksey v. State*, 112 Nev. 980, 987-88, 923 P.2d 1102, 1107 (1996); *see also Cullen v. Pinholster*, 563 U.S. ___, ___, 131 S. Ct. 1388, 1408 (2011) ("We have recently reiterated that [s]urmounting *Strickland*'s high bar is never an easy task." (quotation marks omitted) (alteration in original)). The district court also determined that "an evidentiary hearing was not necessary."

---

[2]This court has recognized that an ineffective assistance of counsel claim will lie only where the defendant has a constitutional or statutory right to the appointment of counsel. *See McKague v. Warden*, 112 Nev. 159, 164-65, 912 P.2d 255, 258 (1996). The district court did not address the matter but apparently conceded that Sierra was entitled to the effective assistance of counsel at the hearing in question and reviewed his claims on the merits. *See Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973).

[3]Sierra also raises issues specific to the district court's denial of his "Motion for Reconsideration of Probation Violation." A district court order denying a motion for reconsideration is not independently appealable, therefore, we lack jurisdiction to consider any such claims. *See Phelps v. State*, 111 Nev. 1021, 1022-23, 900 P.2d 344, 344-45 (1995); *Castillo v. State*, 106 Nev. 349, 352, 792 P.2d 1133, 1135 (1990).

*See* NRS 34.770(1); *Nika v. State*, 124 Nev. 1272, 1300-01, 198 P.3d 839, 858 (2008). We conclude that the district court's findings are supported by substantial evidence, *see Riley v. State*, 110 Nev. 638, 647, 878 P.2d 272, 278 (1994), and the district court did not err by rejecting Sierra's ineffective-assistance claim. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[4]

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:    Hon. Carolyn Ellsworth, District Judge
       Xavier Gonzales
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

[4]The fast track reply submitted by Sierra fails to comply with NRAP 3C(h)(1) because the footnotes are not "in the same size and typeface as the body of the brief," NRAP 32(a)(5). Counsel for Sierra is cautioned that the failure to comply with the briefing requirements in the future may result in the imposition of sanctions. *See* NRAP 3C(n).