An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

EDDIE JAMES THOMAS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64924

**FILED**

JUN 12 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER DISMISSING APPEAL

This is a proper person appeal from an order denying a motion for scheduling order on three habeas corpus petitions.[1] Eighth Judicial District Court, Clark County; Valorie J. Vega, Judge.

Because no statute or court rule permits an appeal from an order denying the abovementioned motion, we lack jurisdiction.[2] *Castillo*

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]We note that contrary to the assertions set forth in the motion, appellant litigated a direct appeal, *see Thomas v. State*, Docket No. 49486 (Order of Affirmance, December 10, 2007), the July 24, 2007, post-conviction petition for a writ of habeas corpus was denied without
*continued on next page...*

SUPREME COURT
OF
NEVADA

(O) 1947A

14-19372

*v. State*, 106 Nev. 349, 352, 792 P.2d 1133, 1135 (1990). Accordingly, we

ORDER this appeal DISMISSED.

_____ , J.
Pickering

_____ , J.
Parraguirre

_____ , J.
Saitta


cc:  Hon. Valorie J. Vega, District Judge
     Eddie James Thomas
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk


-------

*...continued*
prejudice and appellant was allowed to litigate a second petition at the conclusion of his direct appeal, the denial of the second petition filed on February 21, 2008, was appealed to this court, *see Thomas v. State*, Docket No. 51707 (Order of Affirmance, May 13, 2009), and the third petition filed on August 12, 2009, was taken off-calendar as requested by appellant because it was merely a courtesy copy of a petition filed in federal court. A number of claims in appellant's motion for scheduling order are simply fabrications and distortions of real events. Appellant is cautioned that submitting false statements may result in the imposition of sanctions.