An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JOHN CHARLES AUSTERMAN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64083

**FILED**

JUL 23 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from an order denying a post-conviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Jerome Polaha, Judge.

On appeal from the denial of his March 17, 2011, post-conviction petition for a writ of habeas corpus and supplemental petition, appellant argues that the district court erred in denying several claims of ineffective assistance of trial counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). To demonstrate prejudice regarding the decision to enter a guilty plea, a petitioner must demonstrate a reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-23897

Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, appellant argues that his trial counsel was ineffective for arguing for life sentences in this case and for not presenting mitigating evidence. Appellant asserts that counsel's decision to argue for life sentences imposed to run concurrently with a life sentence imposed in another case was flawed because that case was not final (on appeal) when counsel made the argument and counsel failed to investigate this fact.

Appellant fails to demonstrate that his counsel's performance was deficient or that he was prejudiced. Appellant's counsel testified at the evidentiary hearing that he made a tactical decision to argue for concurrent life sentences based upon the resolution of the prior case (as resolved at the time of sentencing) and based upon the State's arguments at sentencing. Appellant's trial counsel further testified that he discussed with appellant various arguments that could be made at sentencing and that appellant agreed to the argument made by counsel. The fact that the other case was on appeal at the time of sentencing in this case and later reversed after sentencing in this case does not render trial counsel's decision and argument at the time of sentencing unreasonable as ineffective-assistance-of-counsel claims are viewed without the distorting effect of hindsight. *Strickland*, 466 U.S. at 687-88. Tactical decisions of counsel are virtually unchallengeable absent extraordinary circumstances,

and appellant demonstrated no such extraordinary circumstances here. *Howard v. State*, 106 Nev. 713, 722, 800 P.2d 175, 180 (1990). Regarding the issue of mitigation evidence, counsel testified that he did discuss this with appellant. Appellant fails to demonstrate that there was a reasonable probability of a different outcome at sentencing had trial counsel not made the argument for concurrent sentences or presented mitigating evidence. Therefore, we conclude that the district court did not err in denying this claim.[1]

Second, appellant argues that his counsel was ineffective for coercing or misleading him into entering a guilty plea and not investigating his mental health issues. Appellant asserts that he was under the influence of psychotropic medications at the time of his plea and was confused.

Appellant fails to demonstrate that his counsel's performance was deficient or that he was prejudiced. Appellant failed to present any evidence of coercion at the evidentiary hearing. Appellant's counsel testified at the evidentiary hearing that he did not tell appellant that he would not be adjudicated a habitual criminal and that he would receive three consecutive 4 to 10 year sentences. The district court determined that appellant's testimony to the contrary was incredible, and substantial evidence supports this determination. Appellant was personally canvassed about whether he had read the plea agreement, whether he had enough time to review the plea agreement with counsel, the elements of

---

[1]To the extent that appellant argues the district court erred in refusing to consider letters submitted at the evidentiary hearing, we conclude that the district court did not err as those letters were not authenticated.

the offenses, the terms of the negotiations and the potential consequences, and appellant acknowledged that his plea was not the result of threats or promises not contained in the guilty plea agreement. Appellant further provided a factual basis for the counts in his own words, and appellant answered affirmatively that he was not under the influence of anything, was "clearheaded," and understood the proceedings. Appellant's trial counsel testified that he had no reason to believe appellant was incompetent to enter a guilty plea. Although appellant provided mental health records showing that he was medicated at the time of his plea, he fails to demonstrate that he was incompetent at the time of his plea—that he did not understand the proceedings or was unable to assist his counsel. *See* NRS 178.400(2); *Melchor-Gloria v. State*, 99 Nev. 174, 180, 660 P.2d 109, 113 (1983); *see also Dusky v. United States*, 362 U.S. 402 (1960). Appellant fails to demonstrate a reasonable probability of a different outcome had trial counsel further investigated his mental health issues. Therefore, we conclude that the district court did not err in denying this claim.

Third, appellant argues that at sentencing the district court provided an incorrect statement of law regarding possible sentences under NRS 207.016(1), and thus, he should be resentenced. This claim is outside the scope of claims permissible in a post-conviction petition for a writ of habeas corpus challenging a judgment of conviction arising from a guilty plea. *See* NRS 34.810(1)(a). To the extent that appellant argues that the district court repeated this error at the evidentiary hearing, the district court did not rely on this alleged error in rejecting the claims of ineffective

assistance of counsel raised in the petition.[2]   Finally, to the extent that appellant argues that the district court repeated its error in denying his motion for reconsideration, the denial of a motion to reconsider is not an appealable decision and any error in that proceeding cannot provide a basis for relief in this appeal. *See Phelps v. State*, 111 Nev. 1021, 1022–23, 900 P.2d 344, 344–45 (1995); *Castillo v. State*, 106 Nev. 349, 352, 792 P.2d 1133, 1135 (1990). Accordingly, we

ORDER the judgment of the district court AFFIRMED.



_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:   Hon. Jerome Polaha, District Judge
Edward T. Reed
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk

---

[2]The district court made only a brief reference to its understanding of how NRS 207.016 operated. The written findings of fact and conclusions of law contain no reference to the court's interpretation of NRS 207.016.