An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

GREGORY SCOTT HERMANSKI A/K/A ROBERT JAMES DAY,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65298

FILED

SEP 16 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

Appellant filed his petition on December 16, 2013, more than nine years after issuance of the remittitur on direct appeal on July 27, 2004. *Hermanski v. State*, Docket No. 41405 (Order of Affirmance, July 1, 2004). Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Moreover, appellant's petition was successive because he had previously filed a post-conviction petition for a writ of habeas corpus, and it

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-30711

constituted an abuse of the writ as he raised claims new and different from those raised in his previous petition.[2] *See* NRS 34.810(1)(b)(2); NRS 34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3). Moreover, because the State specifically pleaded laches, appellant was required to overcome the rebuttable presumption of prejudice. NRS 34.800(2).

First, appellant claimed that he had good cause to overcome the procedural bars because the district court did not have jurisdiction to enter an amended judgment of conviction. Appellant claimed that this court had not yet issued the remittitur from the decision regarding the appeal of the denial of his post-conviction petition for a writ of habeas corpus which also included a limited remand to correct a clerical error in the judgment of conviction. This claim was previously raised and rejected by this court. *Hermanski v. State*, Docket No. 64951 (Order of Affirmance, June 12, 2014). Therefore, this claim was barred by the doctrine of law of the case. *Hall v. State*, 91 Nev. 314, 315-16, 535 P.2d 797, 78-79 (1975).

Second, appellant claimed that he had good cause to overcome the procedural bars because his attorney during his re-sentencing hearing

---

[2]*Hermanski v. State*, Docket No. 47011 (Order of Affirmance and Limited Remand to Correct Judgment of Conviction, July 13, 2006).

SUPREME COURT
OF
NEVADA

(O) 1947A

recently argued in his own criminal case that he suffered diminished capacity because of a head injury he received in 1991. Appellant failed to demonstrate good cause. Appellant failed to demonstrate that his counsel actually suffered diminished capacity. Further, all of his ineffective-assistance-of-counsel arguments raised in the instant petition were rearguments of claims this court already rejected, and he failed to demonstrate how counsel's supposed diminished capacity would have affected our determination of those claims in his previous petition. *See Hermanski v. State*, Docket No. 47011 (Order of Affirmance and Limited Remand to Correct Judgment of Conviction, July 13, 2006).

Finally, relying in part on *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309 (2012), appellant argued that he had good cause because he was not appointed counsel in the first post-conviction proceedings. We conclude that this argument lacked merit. The appointment of counsel was discretionary in the first post-conviction proceedings, *see* NRS 34.750(1), and appellant failed to demonstrate an abuse of discretion. Further, this court has recently held that *Martinez* does not apply to Nevada's statutory post-conviction procedures. *See Brown v. McDaniel*, ___ Nev. ___, ___ P.3d ___ (Adv. Op. No. 60, August 7, 2014). Thus, the failure to appoint post-conviction counsel and the decision in *Martinez* would not provide good cause for this late and successive petition.

Therefore, the district court did not err in denying the petition as procedurally barred, and we

ORDER the judgment of the district court AFFIRMED.[3]

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

---

[3]Appellant also appeals the denial of his motion to reconsider. Because no statute or court rule permits an appeal from an order denying a motion to reconsider, we lack jurisdiction. *Castillo v. State*, 106 Nev. 349, 352, 792 P.2d 1133, 1135 (1990).

We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.

cc: Hon. Elissa F. Cadish, District Judge
Gregory Scott Hermanski
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk