# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| JOHN STEVEN OLAUSEN,<br>                     Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>                     Respondent. | No. 69576 |
| JOHN STEVEN OLAUSEN,<br>                     Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>                     Respondent. | No. 69652 |
| JOHN STEVEN OLAUSEN,<br>                     Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>                     Respondent. | No. 69653 |

**FILED**

APR 0 1 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____ DEPUTY CLERK

## ORDER DISMISSING APPEALS

These are pro se appeals from district court orders denying a motion for appointment of counsel, directing entry of judgment of conviction as to Counts II and III, denying a motion to reconsider and to amend order, granting State's motion to correct clerical error, denying a cross-motion to correct clerical error, and the judgment of conviction as to counts II and III entered May 27, 2015, nunc pro tunc to December 14, 1979. Second Judicial District Court, Washoe County; Connie J. Steinheimer, Judge.

Our review of these appeals reveals jurisdictional defects. Specifically, the orders denying a motion to appoint counsel, directing entry of judgment of conviction, denying a motion to reconsider and amend order, and granting motion to correct clerical error and denying cross-motion to correct clerical error are not substantively appealable. *Castillo*

SUPREME COURT
OF
NEVADA

16-10250

*v. State*, 106 Nev. 349, 352, 792 P.2d 1133, 1135 (1990) (right to appeal is statutory; where no statute or court rule provides for an appeal, no right to appeal exists); *Phelps v. State*, 111 Nev. 1021, 1022, 900 P.2d 344, 345 (1995) (no statute or court rule provides for an appeal from an order denying a motion for reconsideration). To the extent that appellant appeals from the judgment of conviction entered on May 27, 2015, the notice of appeal is untimely filed.[1] An order entered nunc pro tunc has retroactive effect to the date specified, which is December 14, 1979, in this case. An untimely notice of appeal fails to vest jurisdiction in this court. *Lozada v. State*, 110 Nev. 349, 352, 871 P.2d 944 (1994). Accordingly, we lack jurisdiction to consider these appeals, and we

ORDER these appeals DISMISSED.[2]

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

---

[1]Appellant has already appealed from the validity of his guilty plea in *Wilson v. State*, 99 Nev. 362, 664 P.2d 328 (1983), and the guilt-phase of the proceedings was final with the conclusion of his direct appeal proceedings and the expiration of the period to seek a petition for certiorari to the Supreme Court. Entry of a new judgment of conviction is not intended to serve as a basis for a second direct appeal, which is not permitted, or to restart the clock to file a post-conviction petition for a writ of habeas corpus in view of the fact that appellant has already litigated or had an opportunity to litigate the guilt phase of his conviction over the decades since his conviction was final.

[2]In light of this order, the pro se motions to consolidate appeals filed in Docket Nos. 69652 and 69653 are denied as moot.

cc: Hon. Connie J. Steinheimer, District Judge
John Steven Olausen
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk