# IN THE SUPREME COURT OF THE STATE OF NEVADA

GEORGE A. TOLIVER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 72233

**FILED**

JUN 15 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER AFFIRMING IN PART AND DISMISSING IN PART*

This is a pro se appeal from a district court order denying a postconviction petition for a writ of habeas corpus and motions for enforcement action and for judgment on the pleadings or summary judgment.[1]  Eighth Judicial District Court, Clark County; Linda Marie Bell, Judge.

Appellant only challenges the portion of the district court order denying his motions for enforcement action and for judgment on the pleadings or summary judgment. That portion of the district court's order, however, is not appealable; no statute or court rule provides for an appeal from an order denying motions for enforcement action and for judgment on the pleadings or summary judgment. *See Castillo v. State*, 106 Nev. 349, 352, 792 P.2d 1133, 1135 (1990) (observing that right to appeal is statutory). We therefore lack jurisdiction to consider that portion of the

---

[1]Having considered the pro se brief filed by appellant, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

SUPREME COURT
OF
NEVADA

(O) 1947A

17-19919

district court's order and dismiss the appeal as to that portion of the order.[2] We affirm the district court order in all other respects.[3]

It is so ORDERED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc: Hon. Linda Marie Bell, District Judge
George A. Toliver
Attorney General/Carson City
Attorney General/Las Vegas
Eighth District Court Clerk

---

[2]It appears that appellant's motion for enforcement action, filed on September 23, 2016, was an effort to enforce a settlement agreement he reached with the Nevada Department of Corrections in a federal civil rights case. The settlement agreement in that case indicated that any claim that either party breached the agreement would have to be pursued in state court by filing a complaint for breach of contract. The motion likely should not have been filed in appellant's criminal case; however, it is not clear that it was sufficient to commence a civil action for breach of contract either, see NRCP 3; EDJCR 2.05.

[3]It appears that the district court correctly denied the postconviction habeas petition as it sought credit for presentence incarceration that had already been awarded in an amended judgment of conviction entered on June 5, 2015.