# IN THE SUPREME COURT OF THE STATE OF NEVADA

BRANDON CHRISTOPHER
RAGLAND,
Appellant,
vs.
NANCY FLORES; DWAYNE DEAL,
OFFENDER MANAGEMENT
DIVISION/NDOC; AND THE STATE
OF NEVADA,
Respondents.

No. 71827

FILED

JUN 15 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order denying appellant Brandon Ragland's June 17, 2016, postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Linda Marie Bell, Judge. Ragland challenges the computation of time he has served. We affirm.[1]

Ragland first claims that the Nevada Department of Corrections is not deducting statutory credits from his minimum sentence pursuant to NRS 209.4465(7)(b). Ragland's claim lacks merit. NRS 209.4465(7) begins, "Except as otherwise provided in subsection[ ] 8," and NRS 209.4465(8) specifically excludes offenders convicted of category B

---

[1]Having considered the pro se brief filed by appellant, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

17-19840

felonies from deducting statutory credits from their minimum sentences. Ragland was adjudicated an habitual criminal and thus convicted of a category B felony, *see* NRS 207.010(1)(a), for an offense committed after NRS 209.4465(8)'s effective date. Accordingly, Ragland is not entitled to the deduction of credits from his minimum sentence.

Ragland next claims that he was denied the opportunity to reply to the State's response to his June petition and that the district court failed to rule on his August 3, 2016, postconviction petition for a writ of habeas corpus. Ragland is not entitled to relief. Because postconviction counsel was not appointed and because the State did not file a motion to dismiss the petition, *see* NRS 34.750(1), (4), permission was required from the district court for the submission of further pleadings to the petition. NRS 34.750(5). The district court did not grant permission, and it considered only the June petition. Accordingly, we decline to reach the merits of the claims in the August petition.[2] *See Davis v. State*, 107 Nev. 600, 606, 817 P.2d 1169, 1173 (1991), *overruled on other grounds by Means v. State*, 120 Nev. 1001, 1012-13, 103 P.3d 25, 33 (2004).

Ragland next claims that the district court erred in not granting his motion for default. Even had the district court filed an order denying the motion, it would not have been an appealable decision. *See Castillo v. State*, 106 Nev. 349, 352, 792 P.2d 1133, 1135 (1990).

---

[2]We note that NRS 209.4465(2) requires prisoners to actually work and study to earn credits for work and study.

Finally, Ragland claims the district court improperly refused to issue orders regarding either petition unless he first filed a notice of motion. Ragland's claim is belied by the record, which indicates the district court informed him that a notice of motion was unnecessary.

For the foregoing reasons, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:    Hon. Linda Marie Bell, Judge
Brandon Christopher Ragland
Attorney General/Carson City
Attorney General/Las Vegas
Eighth District Court Clerk