# IN THE SUPREME COURT OF THE STATE OF NEVADA

FRANK MILFORD PECK,
Appellant,
vs.
THE STATE OF NEVADA; DAVID
WAYNE CLIFTON; AND EGAN K.
WALKER,
Respondents.

No. 74008

FILED

APR 12 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is a pro se appeal from a district court order dismissing a complaint seeking relief from a judgment of conviction.[1] Second Judicial District Court, Washoe County; Connie J. Steinheimer, Judge. Appellant Frank Milford Peck argues that the district court erred in denying his claim that his convictions rested on fraudulent evidence. We disagree and affirm.[2]

Peck challenges the validity of his judgments of conviction—Second Judicial District Court docket numbers CR962687 and CR062580—by arguing that the DNA evidence presented at trial was fraudulent. Peck's reliance on NRCP 60 is misplaced, as a postconviction habeas petition is the exclusive means for a person in custody to collaterally challenge the validity of his conviction. NRS 34.724(1), (2)(b); *Harris v. State*, 130 Nev. 435, 437, 329 P.3d 619, 621 (2014). In asserting that the prosecution's presentation

---

[1]The notice of appeal also designates a district court order denying a motion for reconsideration. As no statute or court rule permits an appeal from an order denying a motion for reconsideration, we lack jurisdiction to consider that portion of the appeal. *See Phelps v. State*, 111 Nev. 1021, 1022-23, 900 P.2d 344, 344-45 (1995).

[2]Having considered the pro se brief filed by appellant, we conclude that a response is not necessary. NRAP 46A(c). Pursuant to NRAP 34(f)(3), we have determined that oral argument is not warranted in this appeal.

*18 - 14116*

of DNA evidence analyzed with the PCR technique constituted fraud, rendering his convictions defective and compelling a new trial, Peck's "First Amended Civil Action to Set Aside Judgment based on Extrinsic Fraud upon the Court" challenged the validity of his judgments of conviction and sentence. Peck's contention that the pleading was incident to the proceedings in the trial court fails because the pleading was not filed before sentencing. *See id.* at 447, 329 P.3d at 627-28 (determining what remedies are "incident to the proceedings in the trial court" in NRS 34.724(2)(a)'s exception to the exclusivity of the postconviction habeas remedy).

To the extent that Peck intended to seek relief under NRS 34.724, we conclude that his request was untimely because he filed it in 2016, more than one year after issuance of the remittiturs on his direct appeals. *Peck v. State*, Docket No. 54168 (Order of Affirmance, May 7, 2010); *Peck v. State*, 116 Nev. 840, 7 P.3d 470 (2000). Peck also had previously filed multiple petitions for habeas relief from each conviction and had previously asserted the same basis for relief. NRS 34.810(2); *Peck v. State*, Docket No. 70490, 5 (Order of Affirmance, May 9, 2017) (rejecting challenges that the DNA evidence was false, unreliable, and the product of perjury as procedurally barred); *Peck v. State*, Docket No. 65521, 2 (Order of Affirmance, November 13, 2014) (rejecting challenge that the State withheld evidence that the DNA results were produced with the PCR technique and that this evidence was inadmissible). Any further claim for postconviction relief therefore was thus procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3). We note that the legal basis for Peck's DNA-evidence claim was available to be raised in his earlier postconviction petitions. As Peck has failed to show an impediment external to the defense

that prevented his timely asserting his DNA-evidence claim, he has failed to show good cause to excuse the procedural bars. *See Hathaway v. State,* 119 Nev. 248, 252, 71 P.3d 503, 506 (2003). Though the district court considered Peck's complaint primarily as a civil filing before observing that a postconviction habeas petition is the exclusive remedy available to Peck, albeit without addressing the procedural default, Peck's showing failed to excuse the procedural bar, and the district court therefore did not err in dismissing Peck's complaint. *See Wyatt v. State,* 86 Nev. 294, 298, 468 P.2d 338, 341 (1970) ("If a judgment or order of a trial court reaches the right result, although it is based on an incorrect ground, the judgment or order will be affirmed on appeal.").

Having concluded that no relief is warranted, we

ORDER the judgments of the district court AFFIRMED.

_____, C.J.
Douglas

_____, J.
Pickering

_____, J.
Hardesty

cc:  Hon. Connie J. Steinheimer, District Judge
     Frank Milford Peck
     Washoe County District Attorney
     Washoe County District Attorney/Civil Division
     Washoe District Court Clerk