# THE SUPREME· COURT

OF THE

# STATE OF NEVADA.

## JANUARY TERM, 1873.

<div style="float:right">8  157</div>
<div style="float:right">8  250</div>

---

## JOSEPH LEONARD, APPELLANT, *v.* J. F. PEACOCK, RESPONDENT. ·

JUDGMENT ROLL IN CERTIORARI CASES. In *certiorari* cases the judgment roll is preserved in the court granting the writ, as in a court of original jurisdiction in an ordinary action, and a copy only of the judgment is sent to the inferior tribunal.

CERTIORARI—NO AFFIRMATIVE ACTION AFTER PROCEEDINGS ANNULLED. If proceedings of an inferior court are annulled on *certiorari*, there is no further positive or affirmative action to be taken by the inferior tribunal.

PROCEEDINGS OF DISTRICT COURT WITHOUT JURISDICTION UTTERLY VOID. Where the proceedings of a district court on appeal from a justice's court were annulled on *certiorari* by the Supreme Court, and afterwards the district court pronounced a judgment in terms similar to that of the Supreme Court and in addition ordered a writ of restitution previously issued to be set aside with costs and directed the sheriff to put the plaintiff out and the defendant or his grantee in possession: *Held*, that the district court having no jurisdiction, its judgment and orders were utterly void.

JURISDICTION OF DISTRICT COURT ON APPEAL FROM JUSTICE FINAL. The appellate jurisdiction of the district court on appeal from a justice's court is final (Const. Art. VI, Sec. 6), and no appeal lies from its action as such appellate court.

NO CERTIORARI WHERE APPEAL. Certiorari does not lie where there is an appeal.

APPEAL from the District Court of the Second Judicial District, Washoe County. ·

The plaintiff, as will be seen by reference to the case of *Peacock* v. *Leonard* on *certiorari*, reported *ante*, p. 84, com-

menced a forcible entry suit against defendant before a justice of the peace and recovered judgment. Defendant appealed to the district court and on another trial there plaintiff again recovered judgment. Defendant then sued out from the Supreme Court a writ of *certiorari* for the purpose of reviewing the proceedings of the district court; and the Supreme Court adjudged that all the proceedings were void for want of jurisdiction and annulled them. A remittitur in the usual form, entitled in the cause and containing the judgment and opinion of the Supreme Court attached, was transmitted to the district court; upon and after the filing of which certain proceedings adverse to plaintiff took place in the lower court, as stated in the opinion. From these proceedings the plaintiff appealed.

The defendant and respondent then moved to dismiss the appeal.

*Haydon & Cain,* for Respondent.

Before the decision of the *certiorari* in this court, Leonard, by virtue of a writ of restitution issued by the district court, obtained possession of the premises; that is, he did so on a void execution issued on a void judgment. The court below, after the decision, restored the possession. Every court will restore a possession acquired under its void process, or through abuse of its process. *Winters* v. *Helm,* 3 Nev. 396; *Reynolds* v. *Harris,* 14 Cal. 678. When the writ of restitution was issued by the district court, R. V. Borden, who had bought Peacock's rights in and was in possession of the premises, was ousted therefrom. The district court, upon receiving the judgment of the Supreme Court, entered a new judgment dismissing the former judgment as null and void; allowed defendant his costs; and upon Borden's affidavit showing his ouster, restored him to the possession so taken away from him by such void judgment and execution.

However the court may look at the proceedings in this case, it is apparent that they are proceedings in the same case originally commenced in the justice's court and appealed to the district court. No sophistry can make out that any

new suit was initiated or that the judgment for costs or order restoring defendant or his assignee to the premises is not a judgment and order in the case which arose in justices' court. That being a case on appeal from a justice's court, the action of the district court was final and no appeal lies from it. Constitution, Art. VI, Sec. 6. If the district court had jurisdiction to dismiss, then the allowance of costs and restitution to possession can only be questioned as error. If it had no jurisdiction to allow costs or restore to possession, the remedy is by *certiorari.*

*I. B. Marshal* and *Webster & Knox,* for Appellant.

This is not a cause which arose in a justice's court, but had its origin in the district court. The cause of *Leonard* v. *Peacock,* which is referred to in the notice of motion to dismiss, was annulled and declared void—nullified, abrogated, abolished, obliterated—by the judgment of this court upon *certiorari;* and no action of the district court can galvanize that cause into life.

The court below assumes to make the cause so annulled the basis of action, but such assumption can not change the facts. The foundation of the proceedings from which this appeal is taken is the petition or affidavit of Borden, and the motion for judgment for $304 37 costs and for an order of restitution of the premises, made in the district court. They were distinct proceedings from that of *Leonard* v. *Peacock,* with a new party in the place of Peacock. In the case which had been annulled, the district court could take no action except to file the remittitur transmitted to it from this court. Instead however of doing so, under pretense of acting in that cause but really assuming jurisdiction of a new cause in an irregular manner, it went on and rendered final judgment for costs against appellant and made an order depriving him of his real estate.

The order as well as the judgment is appealable. *Gray* v. *Schapp,* 4 Cal. 185; *Hastings* v. *Burning Moscow Co.* 2 Nev. 93; *Burgoyne* v. *Holmes,* 3 Cal. 50; *Kittridge* v. *Stevens,* 23 Cal. 283. Leonard had possession and right to the premises, of

which he could not be deprived by the summary measures resorted to in the court below. But "those measures were taken in a court of general jurisdiction, and the order has gone forth from that court commanding its officers to remove him from his property and place another in possession, and his substantial rights have been affected thereby.

*Certiorari* is not the proper remedy here, because an appeal lies. An appeal lies from a final judgment for more than $300 and in cases where the right to real estate is involved. Const. Art. VI, Sec. 4; Stat. 1869, 248, Sec. 330. A judgment or order appealed from, although void, will be corrected on appeal. *Hastings* v. *Burning Moscow Co.* 2 Nev. 93; 22 Barb. 271; 6 Gray, 343; 2 Hill, 657; *Gray* v. *Schapp*, 4 Cal. 85; *Lander* v. *Coe*, 5 Cal. 230. Any judgment, order or decree which puts an end to the proceedings may be appealed from. *Hill* v. *Young*, 3 Nev. 339; *Kittridge* v. *Stevens*, 25 Cal. 283.

By the Court, WHITMAN, C. J.:

In *Peacock* v. *Leonard, ante*, p. 84, it was held upon *certiorari* that the court of the justice where the suit was brought and the district court to which it was appealed had each and both exceeded their jurisdiction; and the judgment of the court was "that the proceedings had and judgment entered in the above entitled cause by the district court of the second judicial district in and for Washoe County, State of Nevada, be and the same are hereby annulled and set aside."

By statute it is provided in such case that "a copy of the judgment, signed by the clerk, shall be transmitted to the inferior tribunal, board, or officer having the custody of the record or proceeding certified up"; and that "a copy of the judgment, signed by the clerk, entered upon or attached to the writ or return shall constitute the judgment roll." *  * Practice Act, Secs. 444 and 445. Thus it will be seen that the judgment roll is preserved in the court granting the writ, as in a court of original jurisdiction in an ordinary action, and a copy only of the judgment is sent to the inferior tribunal.

Upon the rendition of the judgment the proceedings reviewed are presently affirmed, annulled, or modified as it may go.  If annulled, there is no further positive or affirmative action to be taken by the inferior tribunal.  As in the case of Leonard v. Peacock, the district court had assumed appellate jurisdiction of the case: upon the judgment of this court, its action was simply erased.  The copy of the judgment notified the world of the fact and nothing remained for the district court to do.

The record in this case, however, shows that the district court pronounced a judgment in terms similar to that of this court, and in addition ordered a writ of restitution issued and served pending the review to be set aside and adjudged void, with costs of the whole matter from justice's court up and down against plaintiff.  A notice was after ordered upon plaintiff "to show cause why a writ should not issue restoring the property (real estate) to defendant."  Plaintiff made showing of various matters, among others a claim of paramount title; and upon affidavits and arguments pro and con an order was finally made directing the sheriff to put plaintiff out of possession and place one Borden, defendant's grantee or assignee as it is phrased, in quiet and peaceable possession of the disputed premises.

From the judgment and subsequent order this appeal is taken.  There is no room for doubt as to the action of the district court.  It is utterly void.  In a case where as an appellate court—and only thus was it acting or professing to act—it had no jurisdiction of subject-matter or person, it assumed to do all that could have been done with full jurisdiction of both.  It is objected, however, that no appeal lies, because the appellate jurisdiction of the district court in cases arising in justices' courts is final.  So it is provided by the constitution of this State, and that is conclusive of this case; for the record discloses no attempt on the part of the district court to exercise original jurisdiction; it simply exceeded its appellate jurisdiction.  The proceedings were wholly in and about the case of Leonard v. Peacock, on

appeal from a court of a justice, and so the district court acted.

*Certiorari* does not lie where there is an appeal. The writ was granted in the case of *Peacock* v. *Leonard ante*, 84, for that reason; and in that case the conduct of the district court was, prior to the review, *mutatis mutandis* the same as after. The motion to dismiss must prevail. It is so ordered.