[No. 2285]

## LOUIS MAZADE, APPELLANT, *v.* JUSTICE'S COURT OF GOLDFIELD TOWNSHIP, AND MARVIN ARNOLD, JUSTICE OF THE PEACE THEREOF, RESPONDENTS.

[172 Pac. 378]

1. JUSTICES OF THE PEACE—JUDGMENTS REVIEWABLE—ORDER ON CERTIORARI—APPEAL FROM JUSTICE'S COURT.

    The district court has final appellate jurisdiction over justice's court, so that where defendant, having suffered adverse judgment in justice's court, brought *certiorari* to the district court, which dismissed the writ, the supreme court had no jurisdiction over an appeal under the title of the cause followed in the justice's court; a different title having been used in the district court.

2. APPEAL AND ERROR — JUDGMENTS REVIEWABLE — ORDER ON CERTIORARI—APPEAL FROM JUSTICE'S COURT—BOND.

    Where judgment in justice's court went against defendant, and he brought *certiorari* against the justice to review the judgment in the district court which dismissed the writ, a bond on appeal to the supreme court, bearing the title of the cause in the justice's court, gave no jurisdiction of the appeal in view of Rev. Laws, 5325, 5330, prescribing method of appeal.

3. APPEAL AND ERROR — JUDGMENTS REVIEWABLE — ORDER ON CERTIORARI—APPEAL FROM JUSTICE'S COURT—BOND.

    A bond on appeal from order dismissing writ of *certiorari* to review judgment of justice's court, which was never filed in the district court as required by Rev. Laws, 5346, nor approved by the justices of the supreme court under section 5358, conferred no jurisdiction of the appeal.

*Certiorari* by Louis Mazade to review a judgment of the Justice's Court of Goldfield Township, Esmeralda County, in an action by M. C. Peterman against Louis Mazade. From the judgment of the district court dismissing the writ of *certiorari* and order on motion for new trial adhering to the former ruling, Mazade appeals, and defendant moves to dismiss the appeal. **Appeal dismissed.**

*E. Carter Edwards*, for Appellant.

*M. A. Diskin*, for Respondent:

The appeal should be dismissed. The supreme court has no jurisdiction to hear or determine the appeal, for the reason (a) that no notice of appeal was ever filed

or served upon respondent, and (b) no appeal was ever taken or perfected by the appellant.

The record on appeal shows that in this action Louis Mazade is petitioner and the justice's court of Goldfield township is respondent, and that no notice of appeal or undertaking for costs was ever filed.

No assignment of errors was ever served upon respondent or filed with the clerk of the supreme court. (Stats. 1915, sec. 164, p. 13; *Coffin* v. *Coffin*, 40 Nev. 345.)

By the Court, McCARRAN, C. J.:

An action was commenced in the justice court of Goldfield township in which one M. C. Peterman was plaintiff and Louis Mazade was defendant. Judgment was entered against defendant in that court and he sued out a writ of *certiorari* in the district court. The proceedings in the district court were all had under the entitlement, "Louis Mazade v. Justice's Court of Goldfield Township, in the County of Esmeralda, State of Nevada, and Marvin Arnold, Justice of the Peace of said Justice's Court."

In the district court the writ of *certiorari* was dismissed. On motion for new trial, the court adhered to its former ruling. Petitioner in the district court, who was defendant in the justice court, has attempted to appeal to this court from the ruling and order of the district court. A motion to dismiss the appeal is earnestly prosecuted here, and we regard at least one point raised as conclusive.

1. As we have already noted, all the proceedings in furtherance of the writ of *certiorari* in the district court were in a matter entitled as above set forth. In attempting to come to this court, however, the entire proceeding on appeal, as instituted within the time allowed (if it was within time), is entitled "Peterman v. Louis Mazade." This was the entitlement of the action in the justice court, and an appeal from that could at most only be taken to the district court; the latter

having final appellate jurisdiction. (*Leonard* v. *Peacock,* 8 Nev. 157; *Bancroft* v. *Pike,* 33 Nev. 80, 110 Pac. 1.)

2. It is insisted by respondent here that this appeal should be dismissed, as no bond or undertaking on appeal was ever filed. In the record we find an instrument purporting to be a "Bond on Appeal from Judgment and Stay of Execution." This instrument is entitled "M. C. Peterman v. Louis Mazade." There is no appeal to this court and no notice of appeal from the judgment or to stay execution in the case of "M. C. Peterman v. Louis Mazade." The judgment in that case was and is in the justice court of Goldfield township. The execution, if any were to issue, could only issue from the justice's court. The matter in the district court was a proceeding in *certiorari,* and the order of that court was one dismissing the proceeding under the writ. The *certiorari* proceedings and the order dismissing the same were in an entirely separate and distinct matter entitled, whether properly or otherwise, "Louis Mazade v. Justice's Court of Goldfield Township, etc., and Marvin Arnold, Justice of the Peace Thereof."

Section 5325, Revised Laws, provides:

"A judgment or order in a civil action, except when expressly made final by this act, may be reviewed as prescribed by this title, and not otherwise."

Section 5330, Revised Laws, provides:

"An appeal is taken by filing with the clerk of the court in which the judgment or order appealed from is entered, a notice stating the appeal from the same or some specific part thereof, and within three days thereafter serving a similiar notice or copy thereof on the adverse party or his attorney.  *  *  *  The order of service is immaterial, but the appeal is ineffectual for any purpose unless within five days after service of the notice of appeal an undertaking be filed, or a deposit of money be made with the clerk, as hereinafter provided, or the undertaking be waived by the adverse party in writing."

In this case the only proceeding in which an order or judgment was entered by the district court was in the case of "Louis Mazade v. The Justice Court of Goldfield Township," etc. The case of *Peterman* v. *Louis Mazade* was never in the district court, either by appeal or otherwise. Hence there could be no order or judgment entered in that case in the district court from which appeal could be taken to this court. A bond or undertaking on appeal filed in one case or under one entitlement can certainly not be effectual as a bond or undertaking on appeal in another and entirely different proceeding. Hence there was no bond on appeal filed in the district court in this case as required by the statute.

3. Appellant here practically admits that his first effort in attempting to perfect an appeal to this court amounted to a nullity, for at a later date he filed an instrument called "Amended Bond on Appeal," changing the entitlement of the case to "Mazade v. Justice's Court," etc. This instrument, however, although purporting to effect appeal from the *certiorari* proceedings as entertained by the district court, was never filed in that court as prescribed by statute (Rev. Laws, 5346). While it appears in the files of this court, no attempt has been made to comply with the provision of the statute (Rev. Laws, 5358), which provides:

"No appeal shall be dismissed for insufficiency of the notice of appeal or undertaking thereon; *provided,* that a good and sufficient undertaking approved by the justices of the supreme court, or a majority thereof, be filed in the supreme court before the hearing upon motion to dismiss the appeal; *provided,* that the respondent shall not be delayed, but may move, when the cause is regularly called, for the disposition of the same, if such undertaking be not given," etc.

The instrument styled "Amended Bond on Appeal," and purporting to be in the case of *Mazade* v. *Justice's Court,* has never been approved by the justices of this

court nor by a majority thereof, nor has it ever been presented for approval.

We may repeat our assertion as set forth in *Shute* v. *Big Meadow Investment Co.*, 41 Nev. 361, 170 Pac. 1049:

"By the terms of the statute the approval by the court is made indispensable to the efficacy of the undertaking."

Here, as in that case, the instrument styled "Amended Bond on Appeal" is without force or effect so far as this appeal is concerned.

The motion to dismiss might prevail on other grounds; for instance, the notice of appeal is entitled in the case of "M. C. Peterman v. Louis Mazade," and is addressed, "To the Plaintiff, M. C. Peterman, Above Named, and to His Attorney, M. A. Diskin." This notice of appeal, signed by the attorney for the petitioner in the *certiorari* proceedings, declares:

"That the defendant in the above-entitled action hereby appeals to the Supreme Court of the State of Nevada from the judgment herein entered," etc.

No judgment was entered by the district court in the case of "M. C. Peterman v. Louis Mazade," because no such case was before the court for the entry of judgment. The only matter in the district court was a proceeding in *certiorari* by "Louis Mazade v. Justice's Court of Goldfield Township and the Justice Thereof."

It is unnecessary for us to dwell on the effect of such a notice. We deem it sufficient to conclude the matter on the sufficiency of the undertaking, which is fatal. (*Shute* v. *Big Meadow Investment Co., supra.*)

For the foregoing reasons, it is ordered that the appeal be dismissed.