THE STATE OF NEVADA, on the Relation of
FRANK EDWIN DIGBY, Relator, *v.* THE
EIGHTH JUDICIAL DISTRICT COURT OF THE
STATE OF NEVADA, in and for the County of
Clark, and THE HONORABLE A. S. HENDER-
SON, Judge of Department 2 Thereof, Respond-
ents.

No. 3697

May 28, 1952.                          244 P.2d 866.

*Morse & Graves,* and *William R. Morse,* all of Las
Vegas, for Relator.

*Howard W. Cannon* and *Ralston O. Hawkins,* both of
Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

Relator was convicted in the municipal court of the City of Las Vegas of violation of a city ordinance. The city was created by an act of the legislature which provides for a municipal court with powers and jurisdiction as provided by law for justices of the peace. Under the charter provisions, Stats. of Nevada, 1949, 232, amending charter section 29, "Appeals to the district court may be taken from any final judgment of said municipal court in the same manner and with the same effect as in cases of appeal from justice courts in civil and criminal cases, as the case may be." Such statutory reference is to sec. 11310, N.C.L. 1929, which requires the party intending to appeal to file with the *justice* and serve *upon the district attorney* a notice of appeal. Under the following section the *justice* must transfer all papers relating to the case and a certified copy of his docket to the clerk of the district court, which, under sec. 11313, N.C.L. 1929, must try the same de novo.

Relator, in appealing from the municipal court to the district court, did not file his notice of appeal with the justice nor did he serve his notice of appeal on the district attorney. He filed his notice of appeal with the municipal judge and served it on the city attorney. On motion of the city attorney, the respondent district court dismissed the appeal, holding that relator, in failing to serve his notice of appeal on the district attorney, had failed to invoke the jurisdiction of the district court.

The parties meet squarely upon the issue as to whether the charter provision that such appeal "may be taken * * * in the same manner * * * as in cases of appeal from justice courts" requires a strict compliance with the statutory requirement for service of notice of appeal on the district attorney. We are of the opinion

that the phrase "in the same manner" does not, under the circumstances, require such strict compliance. Respondents concede that the filing with the municipal judge, despite the statutory requirement that the filing be with the justice, was sufficient. They say, "It appears clear that the word 'justice' contained in § 11310 N.C.L., 1929, can only be interpreted to mean the municipal judge alone on an appeal from the municipal court. He is the 'justice' meant by the wording of § 11310."

Service of the notice of appeal on the district attorney would be just as meaningless as the filing of the notice of appeal with the justice of the peace. Notice to the justice of the peace could certainly not set in motion the required certifying of the papers to the district court by the municipal judge. The county is not an adverse party to the appeal and the district attorney is not interested therein. The record shows that the city attorney conducted all proceedings in the municipal court and in the arraignment and setting of the cause for trial in the district court, and made the motion for the dismissal of the appeal.

No case in point has been cited. In Buman v. Sturn, 73 N.D. 561, 16 N.W.2d 837, in construing a tax statute requiring the issuance of a tax deed by the county auditor to the county, the court quoted Phillips v. County Commissioners, 122 Mass. 258, as follows: "The phrase 'in the same manner' means, by similar proceedings, so far as such proceedings are applicable to the subject matter." Commonwealth v. Hildebrand, 139 Pa.Super. 304, 11 A.2d 688, applied the same definition. We think it applicable here, and that service on the city attorney was accordingly sufficient.

For the reasons given, we conclude that the respondents should not have rejected jurisdiction but should have proceeded with the trial. The petition for the peremptory writ is hereby granted. The demurrer to the petition is overruled.