**132 Nev., Advance Opinion 59**

# IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE ROB
BARE, DISTRICT JUDGE,
Respondents,
and
JENNIFER SCHNEIDER,
Real Party in Interest.

No. 68545

**FILED**

AUG 1 2 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Original petition for a writ of mandamus or prohibition challenging a district court order vacating a misdemeanor conviction and remanding for a new trial.

*Petition denied in part and granted in part.*

Adam Paul Laxalt, Attorney General, Carson City; Steven B. Wolfson, District Attorney, and Bruce W. Nelson, Chief Deputy District Attorney, Clark County,
for Petitioner.

Mueller, Hinds & Associates, Chtd., and Craig A. Mueller and Kelsey Bernstein, Las Vegas,
for Real Party in Interest.

_____

BEFORE HARDESTY, SAITTA and PICKERING, JJ.

16-24994

## OPINION

By the Court, HARDESTY, J.:

The district court reversed real party in interest Jennifer Schneider's misdemeanor driving under the influence conviction when it found that the justice court's comments at sentencing showed bias that undermined both the sentence and the fairness of the trial. We conclude that the district court did not abuse its discretion when it found the justice court's comments at sentencing indicated a bias against Schneider. However, in fashioning a remedy, the district court did not account for the state of the evidence of Schneider's guilt. We conclude the district court arbitrarily and capriciously exercised its discretion when it reversed Schneider's conviction and therefore grant the petition in part.

### FACTS AND PROCEDURAL HISTORY

Schneider was charged with misdemeanor driving under the influence and exercised her right to a trial in justice court. Although the case proceeded in Department 13 of the Las Vegas Township Justice Court, another justice of the peace presided over the trial in place of the justice of the peace who sits in Department 13. *See* NRS 4.340(1) (allowing a justice of the peace to invite another justice of the peace to temporarily assist in the justice's department in certain circumstances). As is typical in misdemeanor cases, the trial proceeded as a bench trial with the judge acting as the fact-finder. At the conclusion of the evidence, the trial judge found Schneider guilty. Before any argument could be made as to sentencing, the judge ordered that Schneider be remanded into custody to serve 24 hours in jail because she only had one day of credit for time served. Schneider argued that an immediate remand to serve jail time constituted a "trial tax" or that the automatic remand was a penalty

SUPREME COURT
OF
NEVADA

(O) 1947A

2

for exercising her right to a trial. The judge responded, "I understand your argument. Like I said, my theory is . . . that I am sitting for [Department 13]. I do have sentencing discretion. I do follow what [Department 13's] policies and procedures are." Ultimately, the judge allowed Schneider the opportunity to post $500 in cash as bail for a 24-hour incarceration and ordered that she perform community service if she posted bail.[1]

Schneider appealed the conviction to the district court, claiming that there was insufficient evidence to support her conviction and that her sentencing was unconstitutional as it was based upon a policy to discourage defendants from exercising their right to a trial. The policy, she alleged, was to punish only those defendants who went to trial for driving under the influence by ordering an automatic and immediate remand to complete a minimum of two days in custody, despite the sentencing discretion outlined in NRS 484C.400(1)(a)(2), which authorizes the court to impose a term of imprisonment of not less than two days or community service for not less than 48 hours, and NRS 484C.400(3), which allows a term of confinement for misdemeanor driving under the influence to be served intermittently.

Relying upon the trial judge's comment that she was following the policies of the justice of the peace who sits in Department 13 and upon the sentence imposed, the district court found there was a policy at the time of Schneider's trial to impose a predetermined sentence of jail time on

---

[1]The record does not clearly demonstrate whether the bail was in lieu of any imposed incarceration or whether Schneider was released on bail pending appeal.

those defendants who exercised their right to a trial. The district court concluded that there was no error in the trial or issue with the merits of the case but determined that the policy violated Schneider's due process right to a fair trial. Consequently, the district court ordered Schneider's sentence and conviction reversed and remanded the matter for a new trial in a different department. The State filed this original writ petition challenging that decision.

## DISCUSSION

The decision to consider a writ of mandamus is within this court's complete discretion.[2] *Cote H. v. Eighth Judicial Dist. Court*, 124 Nev. 36, 39, 175 P.3d 906, 908 (2008). Generally, a writ of mandamus will not issue if the petitioner has a plain, speedy, and adequate remedy at law. *See* NRS 34.170. Here, the State does not have a plain, speedy, and adequate remedy in the ordinary course of law as "district courts are granted exclusive final appellate jurisdiction in cases arising in Justices Courts." *Sandstrom v. Second Judicial Dist. Court*, 121 Nev. 657, 659, 119 P.3d 1250, 1252 (2005) (internal quotation marks omitted). We have been reluctant, however, to entertain petitions like this one "that request review of a decision of the district court acting in its appellate capacity" because doing so "would undermine the finality of the district court's

---

[2]The State alternatively seeks a writ of prohibition. A writ of prohibition is inapplicable here because the district court had jurisdiction to hear and determine Schneider's appeal. *See Goicoechea v. Fourth Judicial Dist. Court*, 96 Nev. 287, 289, 607 P.2d 1140, 1141 (1980) (holding that a writ of prohibition "will not issue if the court sought to be restrained had jurisdiction to hear and determine the matter under consideration"); *see also* NRS 34.320.

appellate jurisdiction." *State v. Eighth Judicial Dist. Court (Hedland)*, 116 Nev. 127, 134, 994 P.2d 692, 696 (2000). As a general rule, we will not consider such petitions "unless the district court has improperly refused to exercise its jurisdiction, has exceeded its jurisdiction or has exercised its discretion in an arbitrary or capricious manner," or where there is a split of authority among lower courts that can only be resolved through this court's exercise of its original jurisdiction. *Id.* at 134, 994 P.2d at 696-97.

The State asserts that the district court arbitrarily and capriciously determined that the trial court was biased against Schneider at sentencing and reversed and remanded for a new trial as a result. We elect to exercise our discretion and consider whether the district court exercised its discretion in an arbitrary or capricious manner. "An arbitrary or capricious exercise of discretion is one founded on prejudice or preference rather than on reason or contrary to the evidence or established rules of law." *State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. 927, 931-32, 267 P.3d 777, 780 (2011) (citations and internal quotation marks omitted).

The State first contends the district court arbitrarily and capriciously concluded that the justice court was biased against Schneider at sentencing. The district court acknowledged that the justice court had wide sentencing discretion but found that the justice court was biased against Schneider because it sentenced her to additional jail time based solely on a predetermined policy to order jail time when a defendant exercises the right to a trial for misdemeanor driving under the influence. We are not convinced the district court's decision—that a judge who imposes a sentence based solely on the defendant's exercise of the right to a trial is biased—is contrary to established law. The district court's

concern, and ours as well, goes beyond the well-established proscription that an individual "may not be punished for exercising a protected statutory or constitutional right," *United States v. Goodwin*, 457 U.S. 368, 372 (1982), to the appearance of prejudice or bias. As we have recognized, a judge's remarks made in the context of a court proceeding may be indicative of prejudice or improper bias if they demonstrate "the judge has closed his or her mind to the presentation of all the evidence." *Cameron v. State*, 114 Nev. 1281, 1283, 968 P.2d 1169, 1171 (1998).

Before any argument could be heard regarding aggravation or mitigation, the justice court stated that because Schneider only had one day of credit for time served, she would be remanded into custody to serve 24 hours in jail. When defense counsel tried to address the sentence, the justice court commented that it was following the policies of the department's sitting judge. These circumstances indicate that the justice court had closed its mind to the issue of an appropriate sentence and predetermined a sentence of two days in custody. That conclusion does not change even assuming that the policy referenced by the justice court was not intended to punish defendants for exercising their right to a trial.[3] The district court's decision was based on the law and the record before it, not prejudice or preference. As such, we cannot say the district court arbitrarily or capriciously exercised its discretion by determining that the justice court was biased against Schneider at sentencing.

---

[3]While the State argues that Schneider was ultimately allowed to post cash bail to avoid remand and jail time and that therefore the justice court clearly did not follow any purported sentencing policy of the sitting judge, the predetermined sentence of two days in custody was nevertheless imposed.

The State next contends the district court arbitrarily and capriciously reversed Schneider's conviction and remanded for a new trial. The State argues that, even assuming the justice court was biased at sentencing, the appropriate remedy was to vacate the sentence, not the conviction, and that bias at sentencing does not affect the validity of the verdict.

We have "held that the amount of misconduct necessary to reverse [a conviction] depends on how strong and convincing is the evidence of guilt," but that "misconduct may so interfere with the right to a fair trial" that reversal is warranted. *Kinna v. State*, 84 Nev. 642, 647, 447 P.2d 32, 35 (1968). While the district court found that the justice court was biased against Schneider at sentencing, it also found that there was "no problem with the merits of the case as [the trial judge] handled it." Despite finding no error with the justice court's conduct of the trial or its determination of guilt, the district court ordered that Schneider's conviction be reversed. But the district court's order did not account for the state of the evidence of Schneider's guilt as required by *Kinna*. Schneider did not show, the district court did not find, and the record does not reveal any error in the determination of her guilt from the trial evidence. As a result, there was no showing that the bias toward Schneider at sentencing interfered with her fair trial right.

The district court commented on the lack of controlling authority concerning an appropriate remedy. While noting the State's reliance on *United States v. Medina-Cervantes*, 690 F.2d 715, 716-17 (9th Cir. 1982) (concluding that where a defendant "was punished more severely because of his assertion of the right to trial," the appropriate remedy was to vacate the defendant's sentence), in arguing for merely a

new sentencing hearing, the district court nonetheless ordered Schneider's conviction reversed without identifying any instance of possible bias or appearance of partiality during the trial that affected Schneider's right to a fair trial. *See Wesley v.* State, 112 Nev. 503, 509, 916 P.2d 793, 798 (1996) ("The right to a fair trial incorporates the right to have a trial presided over by a judge who is free from bias or prejudice."). We conclude the district court arbitrarily and capriciously exercised its discretion to reverse Schneider's conviction and therefore grant the petition in part.

For the reasons stated above, we order the petition denied in part and granted in part and direct the clerk of this court to issue a writ of mandamus instructing the district court to strike the portion of its May 4, 2015, order that reverses Schneider's conviction.

_____, J.
Hardesty

We concur:

_____, J.
Saitta

_____, J.
Pickering