**134 Nev., Advance Opinion 77**

# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOSEPH WARREN, JR.,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
RICHARD SCOTTI, DISTRICT JUDGE,
Respondents,
and
THE STATE OF NEVADA,
Real Party in Interest.

No. 73963



FILED

SEP 27 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY

Original petition for a writ of certiorari, mandamus, or prohibition challenging the district court's decision to entertain an appeal from a justice court order dismissing a criminal complaint.

*Petition denied.*

JoNell Thomas, Special Public Defender, and Melinda Simpkins, Chief Deputy Special Public Defender, Clark County,
for Petitioner.

Adam Paul Laxalt, Attorney General, Carson City; Steven B. Wolfson, District Attorney, and Krista D. Barrie and Steven S. Owens, Chief Deputy District Attorneys, Clark County,
for Real Party in Interest.

BEFORE THE COURT EN BANC.

18-37764

*OPINION*

By the Court, HARDESTY, J.:

In this original proceeding, we consider whether NRS 178.562(2) limits the State's options after the justice court dismisses a criminal complaint that charges felony and/or gross misdemeanor offenses such that the State can only file a motion for leave to file an information by affidavit or obtain a grand jury indictment and cannot appeal the justice court's decision to the district court. We conclude that in addition to the remedies set forth in NRS 178.562(2), NRS 177.015(1)(a) authorizes the State to appeal from a justice court decision dismissing a criminal complaint charging felony and gross misdemeanor offenses because such a decision is a final judgment. Therefore, the district court had jurisdiction over the State's appeal in this case.

*PROCEDURAL HISTORY*

The State filed a criminal complaint charging petitioner Joseph Warren, Jr., with four felony offenses and two gross misdemeanor offenses. After the preliminary hearing, the justice court dismissed the criminal complaint, determining that the State's evidence was based upon inadmissible hearsay and, as a result, the State had not demonstrated probable cause. The State then filed a motion for leave to file an information by affidavit, which was denied because the State had not met the requirements of NRS 173.035. At the same time, the State filed an appeal to the district court from the dismissal of the criminal complaint. Warren filed a motion to dismiss the State's appeal, arguing that the district court lacked jurisdiction because the only remedies available to the State upon dismissal of the charges were a motion for leave to file an information by affidavit or a grand jury indictment and that no statute allowed for the

SUPREME COURT
OF
NEVADA

(O) 1947A

2

State's appeal. Determining that it had jurisdiction over the appeal pursuant to NRS 177.015(1)(a), the district court denied Warren's motion. On the merits of the appeal, the district court determined that the justice court erroneously dismissed the complaint and remanded the case.

Warren then filed this original petition for a writ of certiorari, mandamus, or prohibition challenging, among other things, the district court's jurisdiction over the appeal. This court transferred the petition to the court of appeals. *See* NRAP 17(b). A majority of the court of appeals determined that the district court had jurisdiction over the appeal pursuant to NRS 177.015(1)(a) and denied the petition. The dissent disagreed, observing that this court's case law had only recognized the remedies set forth in NRS 178.562(2). Warren sought this court's review of the jurisdictional issue, and we granted Warren's petition for review.[1] *See* NRAP 40B.

## DISCUSSION

"A writ of certiorari is an extraordinary remedy and the decision to entertain a petition for a writ of certiorari lies within the discretion of this court." *Zamarripa v. First Judicial Dist. Court*, 103 Nev. 638, 640, 747 P.2d 1386, 1387 (1987). A writ of certiorari may be granted when a lower court has exceeded its jurisdiction and there is no appeal or any plain, speedy, and adequate remedy. NRS 34.020(2) (recognizing that a writ of certiorari may be granted "when an inferior tribunal, board or officer, exercising judicial functions, has exceeded the jurisdiction of such tribunal,

---

[1]In his petition for review, Warren stated that he was not seeking review as to the other arguments raised in his writ petition and his requests for a writ of mandamus and/or prohibition. Consequently, we have limited our review in this matter to the request for a writ of certiorari challenging the district court's jurisdiction to consider the State's appeal.

board or officer and there is no appeal, nor, in the judgment of the court, any plain, speedy and adequate remedy"). We conclude that Warren's petition for a writ of certiorari is appropriately before this court because his argument that the district court exceeded its jurisdiction presents an important issue relating to the district courts' appellate jurisdiction and there is no appeal or other remedy available to Warren as the district court has final appellate jurisdiction over a case arising in the justice court. Nev. Const. art. 6, § 6; *Waugh v. Casazza*, 85 Nev. 520, 521, 458 P.2d 359, 360 (1969).

Warren argues that no statute or court rule authorizes an appeal from the justice court's decision dismissing the criminal complaint. Further, relying upon NRS 178.562(2) and *State v. Sixth Judicial Dist. Court (Warren)*, 114 Nev. 739, 964 P.2d 48 (1998) (discussing NRS 178.562(2)), Warren argues that the only remedies available to the State upon dismissal of the charges in this case were a motion for leave to file an information by affidavit or a grand jury indictment. We disagree.

NRS 177.015(1)(a) provides that the party aggrieved, whether the State or the defendant, may appeal "[t]o the district court of the county from a final judgment of the justice court." Thus, the plain language of NRS 177.015(1)(a) vests appellate jurisdiction in the district court over a final judgment of the justice court. *See Walker v. Eighth Judicial Dist. Court*, 120 Nev. 815, 819, 101 P.3d 787, 790 (2004) (recognizing that when interpreting a statute, we look to the statute's plain language). The question then is whether the justice court's dismissal of a criminal complaint constitutes a final judgment. We conclude that it does.

A final judgment is an order that "disposes of all issues and leaves nothing for future consideration." *Sandstrom v. Second Judicial Dist. Court*, 121 Nev. 657, 659, 119 P.3d 1250, 1252 (2005). In *Sandstrom*, this court concluded that NRS 177.015(1)(a) authorized the State's appeal from a justice court order dismissing a misdemeanor criminal complaint because the order "finally resolved the criminal prosecution" and left nothing for the justice court's future consideration. *Id.* at 659-60, 119 P.3d at 1252. Because *Sandstrom* involved a misdemeanor complaint, Warren tries to limit its interpretation of NRS 177.015(1)(a) as allowing the State to appeal only when the justice court dismisses a misdemeanor criminal complaint. The reasoning in *Sandstrom*, however, does not turn on the nature of the charges (misdemeanor vs. felony); rather, it turns on the nature of the justice court's decision, analyzing whether it is a "final judgment." Similarly, NRS 177.015(1)(a) draws no distinction between misdemeanor and felony cases; it is concerned only with whether the justice court's decision is a "final judgment." Consistent with *Sandstrom* and the definition of "final judgment" reiterated in that case, we conclude that a justice court order dismissing a felony/gross misdemeanor criminal complaint is a final judgment because it leaves nothing for the justice court to consider; the case is closed, and the State may not proceed on the dismissed complaint.

Notwithstanding the plain language of NRS 177.015(1)(a), Warren argues that the dismissal of a felony/gross misdemeanor criminal complaint is not final because another statute, NRS 178.562(2) affords the State two options to remedy the justice court's dismissal of charges. We disagree.

NRS 178.562(2) provides that "[t]he discharge of a person accused upon preliminary examination is a bar to another complaint against the person for the same offense, but does not bar the finding of an indictment or filing of an information." This provision limits the means by which the State may institute a new prosecution for the same offense after a justice court finds no probable cause to support the charge. To institute a new prosecution for the same offense, the State may not file a second criminal complaint alleging the same offense but may institute a new case by filing a motion for information by affidavit or seeking a grand jury indictment. These options start a *new* case. They do not alter the finality of the justice court's decision to dismiss the criminal complaint because they do not contemplate further action by the justice court on the dismissed complaint. Nothing in the plain language of NRS 178.562(2) speaks to the finality of a justice court's decision to dismiss a criminal complaint or precludes the State from seeking relief from such a decision by way of an appeal to the district court.[2]

---

[2]The fact that cases interpreting NRS 178.562(2), such as *Warren*, have not mentioned an appellate remedy does not eliminate the right to an appeal provided in NRS 177.015(1)(a); those cases addressed only whether the State could initiate a new prosecution after the justice court dismissed a complaint, an issue that is governed by NRS 178.562, not whether the State could have appealed from the justice court decision.

## CONCLUSION

We conclude that NRS 177.015(1)(a) authorizes the State to file an appeal to the district court from a justice court decision dismissing a criminal complaint that charged felony and/or gross misdemeanor offenses. Therefore, the district court did not exceed its jurisdiction in entertaining the State's appeal. Accordingly, we deny the petition.

_____, J.
Hardesty

We concur:

_____, C.J.
Douglas

_____, J.
Gibbons

_____, J.
Parraguirre

_____, J.
Stiglich

 

CHERRY, J., with whom PICKERING, J., agrees, dissenting:

I respectfully dissent from the majority's decision to allow the State to appeal from a justice court order dismissing charges for insufficient evidence because it contravenes the exclusive remedies set forth in NRS 178.562(2). NRS 178.562(2) provides that "[t]he discharge of a person accused upon preliminary examination is a bar to another complaint against the person for the same offense, but does not bar the finding of an indictment or filing of an information." Notably absent from this provision is any mention of an appeal from a justice court order dismissing charges. Consequently, this court has long recognized that the State's remedy for the dismissal of felony charges in justice court is either an information by affidavit pursuant to NRS 173.035(2) or a grand jury indictment. *See State v. Sixth Judicial Dist. Court (Warren)*, 114 Nev. 739, 743, 964 P.2d 48, 50 (1998) ("Pursuant to NRS 178.562(2), if a defendant is not bound over, the state may: (1) seek leave to file an information by affidavit in the district court, pursuant to NRS 173.035(2); or (2) seek an indictment by a grand jury.").

The majority mistakenly relies upon NRS 177.015(1)(a) in allowing for an appeal from the dismissal of felony charges. NRS 177.015(1)(a) allows the State to appeal from a *final* order of the justice court. As the majority recognized, this court has defined a final judgment as one that "disposes of all issues and leaves nothing for future consideration." *Sandstrom v. Second Judicial Dist. Court*, 121 Nev. 657, 659, 119 P.3d 1250, 1252 (2005). However, the decision to dismiss felony charges is not final because the very fact that the State may pursue charges either in an information by affidavit or in a grand jury indictment means that there is "future consideration" of the charges. The decision in

*Sandstrom* recognizing the State's right to appeal from the dismissal of misdemeanor charges, 121 Nev. at 659-60, 119 P.3d at 1252, is distinguishable because NRS 178.562(2) does not apply to misdemeanor charges. Thus, a decision dismissing misdemeanor charges is final in all respects.

The State's potential remedies from the dismissal of felony charges are purposefully narrow in recognition that the government should not be permitted multiple bites at the same apple. For example, in the case of a motion for information by affidavit, this court has recognized that this device is available only to correct egregious error by the justice court. *See Cranford v. Smart*, 92 Nev. 89, 91, 545 P.2d 1162, 1163 (1976) (recognizing that NRS 173.035(2) "contemplates a safeguard against egregious error by a magistrate in determining probable cause, not a device to be used by a prosecutor to satisfy deficiencies in evidence at a preliminary examination, through affidavit"). This court has further recognized that the State may not seek relief from the dismissal of a felony complaint when that dismissal was due to the prosecutor's willful failure to comply with important procedural rules. *See Maes v. Sheriff*, 86 Nev. 317, 319, 468 P.2d 332, 333 (1970) ("A new proceeding for the same offense (whether by complaint, indictment or information) is not allowable when the original proceeding has been dismissed due to the willful failure of the prosecutor to comply with important procedural rules.").

The majority's decision leaves unanswered what will happen when there is a justice court decision binding over some charges but dismissing others. Is this a final decision? It does not seem to make much sense from the point of judicial economy to have one case pending in the district court on the charges as bound over and yet another case pending in

front of another district court judge on the State's appeal from the dismissal of charges.

If the Legislature wishes to allow the State to appeal a justice court order dismissing felony charges for lack of probable cause, let the Legislature do so plainly and unambiguously. Until that occurs, I believe that the State is limited to those remedies set out in NRS 178.562(2).

_____Cherry_____, J.
Cherry

I concur:

_____Pickering_____, J.
Pickering